IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRENCE LAMONT AMAKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, | : | |
| Acting Commissioner of Social Security | : | NO. 13-CV-6295 |

MEMORANDUM ORDER

**DITTER, J.**                                                                                   August 4, 2015

Upon consideration of the administrative record, pleadings, the Report and Recommendation, and objections thereto, I make the following findings and reach the following conclusions:

1. Terrence Lamont Amaker brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, denying his application for social security income ("SSI") under Title XVI of the Social Security Act. On April 21, 2015, the Honorable M. Faith Angell, United States Magistrate Judge, filed a Report and Recommendation recommending that judgment be entered in favor of Defendant, affirming the decision of the Commissioner. Plaintiff has filed objections to the Report and Recommendation arguing that the Magistrate Judge failed to properly consider and analyze his arguments in denying his motion for relief.

2. The district court undertakes a *de novo* review of the portions of the Report and Recommendation to which Plaintiff has objected. *See* 28 U.S.C. § 636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir. 2011). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). I must review the factual findings presented to determine if they are supported by "substantial evidence in the record." 42 U.S.C. § 405(g); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). "In order to establish a disability under the Social Security Act, a claimant must demonstrate there is some 'medically determinable basis for an impairment

    that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period.'" *Plummer*, 186 F.3d at 427 (citations omitted).

3.  Plaintiff has filed the following objections arguing that the ALJ and Magistrate Judge failed to review the entire record and as a result: (1) erroneously relied on a record reviewer who did not review the majority of the treatment notes; (2) erroneously rejected Plaintiff's 12.05C argument; and (3) erred in concluding that Plaintiff had the ability to perform substantial gainful activity at step 5 of the sequential evaluation. After due consideration of all of the arguments and evidence, I find that the ALJ committed legal error in her analysis of Plaintiff's mental impairment. As a result, and as more fully developed below, I shall remand this case for further consideration.

4.  An ALJ must consider impairments that the claimant says he or she has or about which the ALJ receives evidence. 20 C.F.R. § 416.912(a). When the ALJ receives additional medical evidence that may, in his/her opinion, change the state agency medical expert's opinion that a claimant's impairments do not equal a listing, the ALJ must get an updated opinion from a medical examiner. S.S.R. 96-6p. Here, the state agency psychological consultant, James Vizza, Psy.D., reviewed Plaintiff's records and rendered his opinion in April 2011, opining that Plaintiff did not meet or equal any listing. However, that opinion was given without review of the significant treatment notes from Plaintiff's treating mental health facility for the period of March 2011 through 2012. During that time, Plaintiff complained of depression, an inability to concentrate and racing thoughts. His dosage for the medications Seroquel (an anti-psychotic drug) and Depakote (a drug for treatment of manic depression) were increased. In January 2012, after months of treatment, he was admitted to the hospital for suicidal thoughts and auditory hallucinations. Moreover, although the examiner noted that a consultative exam was required as of April 26, 2011, (Tr. 60), there is no evidence that such an exam was performed. Although the ALJ did not give great weight to Dr. Vizza's opinion in its entirety, her reliance upon the bulk of that opinion is not supported by substantial evidence in light of the relevant medical evidence never considered by Dr. Vizza.

5.  One of the requirements of Listing 12.05C is a valid verbal, performance or full scale IQ score of 60 through 70. Despite a request for IQ testing,

        Plaintiff's IQ was never tested.  The ALJ's determination that IQ testing was unnecessary was based, at least in part, on Dr. Vizza's conclusions, which I found are not supported by substantial evidence.  Consequently, further evaluation of the need for IQ testing is also mandated.

6.     In light of the foregoing, a remand is necessary.  On remand, the ALJ shall re-evaluate any evidence of mental retardation at each step of the sequential analysis and retain an updated medical expert opinion.  The ALJ shall especially consider whether Plaintiff's alleged mental retardation is severe and whether the evidence establishes that Plaintiff meets Listing 12.05C.[1]

Therefore, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's objections (Doc. No. 23) are **SUSTAINED** and the Report and Recommendation is **NOT APPROVED AND ADOPTED**;

2.     Plaintiff's request for review (Doc. No. 11) is **GRANTED** and the matter is **REMANDED** to the Commissioner of Social Security, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with the foregoing Memorandum;

3.     **JUDGMENT IS ENTERED** in favor of Plaintiff; **REVERSING** the decision of the Commissioner of Social Security for the purpose of this remand only; and

4.     The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

                                          **BY THE COURT:**

                                    **/s/ J. William Ditter, Jr.**
                                    **J. WILLIAM DITTER, JR., J.**

---

[1] Because I conclude that the ALJ's analysis at step 3 is not supported by substantial evidence, I do not address any issues related Plaintiff's ability to engage in substantial gainful activity at step 5 of the sequential evaluation.