# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRENCE LAMONT AMAKER | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| CAROLYN W. COLVIN, | : |
| Acting Commissioner of Social Security | : NO. 13-6295 |

## MEMORANDUM ORDER

DITTER, J.                                                                                                    March 8, 2016

Upon consideration of Plaintiff's motion for counsel fees and expenses under the Equal Access to Justice Act (Doc. No. 28), Defendant's opposition thereto (Doc. No. 31), Plaintiff's reply (Doc. No. 32), and Plaintiff's supplemental brief (Doc. No. 33), I make the following findings and reach the following conclusions:

1. Terrence Lamont Amaker brought an action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the decision of Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, denying his application for social security income ("SSI") under Title XVI of the Social Security Act. The case was referred to the Honorable Faith Angell, United States Magistrate Judge for a Report and Recommendation ("R&R"). Judge Angell recommended that I deny Plaintiff's request for review and enter judgment for the Commissioner. Plaintiff filed objections to the R&R and Defendant filed a reply thereto. After reviewing Plaintiff's objections *de novo*, I declined to adopt the R&R. On August 4, 2015, this case was remanded to the Commissioner of Social Security, pursuant to sentence four of 42 U.S.C. § 405(g), for further re-evaluation of a psychological consultant's opinion as well as the need for IQ testing.

2. On August 6, 2015, Plaintiff's attorney filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff originally requested fees totaling $12,311.47. Plaintiff subsequently increased the requested amount to $13,190.35 to account for time spent on the EAJA petition.

3. Defendant opposes Plaintiff's motion for attorney's fees on the grounds that the government's position was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A) (a claimant is not entitled to attorney's fees under the EAJA if the court finds that the Government's position is "substantially justified"). In the alternative, Defendant argues that if an EAJA award is deemed appropriate, then Plaintiff's fees should be significantly reduced as excessive and unreasonable.

4. The decision to deny benefits to Plaintiff was not based on substantial evidence due to significant lapses in the evaluation of Plaintiff's mental impairment. Specifically, the ALJ gave improper weight to the opinion of a state agency psychological consultant who did not have the opportunity to review significant treatment notes; failed to order a consultative exam; and failed to properly evaluate the necessity for IQ testing. As a result, I conclude that Defendant's position in defending that evaluation was not substantially justified. *See Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993) (a government position is substantially justified "if it has a reasonable basis in both law and fact"). Plaintiff's attorney is entitled to reasonable attorney's fees.

5. A party seeking attorney fees "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Plaintiff requests a total of $13,190.55. This amount includes 63.95 hours spent preparing and arguing Plaintiff's case in this court plus an additional 4.9 hours spent on the instant EAJA petition, based on an hourly rate of $191.58 plus administrative costs.

6. The Commissioner argues that compensation for 63.95 hours of work is unreasonable in light of the fact that the instant case involves an uncomplicated Social Security disability issue. The Commissioner requests that I limit any EAJA award to $5,125.93 or less, an amount she contends is equal to the average EAJA fee request in this district.

7. The Commissioner points to 3 areas where there should be a reduction in fees: (1) hours expended on pre-litigation matters; (2) hours spent on merits briefing and (3) hours spend on drafting objections to the Report and Recommendation. However, after review of the procedural history of this case, which included requests for review, oral argument, a lengthy Report and Recommendation, and objections thereto, I conclude that Plaintiff's

2

counsel is entitled to the full requested amount. The well-reasoned, comprehensive submissions of Plaintiff's counsel demonstrated knowledge of the administrative record and a command of relevant law. Counsel's arguments were persuasive and resulted in a favorable disposition for Plaintiff. Consequently, the request for compensation is reasonable.

**AND NOW, I HEREBY ORDER** that Plaintiff's motion is **GRANTED**.

Attorney fees are awarded in favor of Plaintiff Terrence Lamont Amaker is the amount of $13,190.35.

BY THE COURT:

s/J. William Ditter, Jr.
J. WILLIAM DITTER, JR., J.